# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| DONALD NEEDHAM,<br>　　Plaintiff, | Case No. 1:19-cv-927 |
| vs. | Barrett, J.<br>Litkovitz, M.J. |
| BUTLER COUNTY JAIL, et al.,<br>　　Defendants. | REPORT AND<br>RECOMMENDATION |

Plaintiff, a resident of Mason, Ohio, bring this pro se civil action against the "Butler County Jail (Sheriff Jones)" and United States Attorney General William Barr. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An

action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

The complaint alleges claims under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the federal Privacy Act, 5 U.S.C. § 552a. Plaintiff alleges he requested that the Butler County Jail send him "Public and Private records" on August 16, 2019. Plaintiff states he requested the Jail's policies and procedures under the FOIA and his personal documents under the Privacy Act. Despite several follow up requests, the records have not been produced to plaintiff. As relief, plaintiff seeks money damages and injunctive relief.

Plaintiff's complaint should be dismissed against all defendants. First, plaintiff's allegations are insufficient to state a claim for relief under either the FOIA or the Privacy Act. It is well-settled that the FOIA applies only to federal and not to state or local governmental agencies. *Rimmer v. Holder*, 700 F.3d 246, 258 (6th Cir. 2012); *Gueye v. Bishop*, No. 1:14-cv-353, 2015 WL 5996387, at *5 (S.D. Ohio Oct. 15, 2015) (Barrett, J.). Therefore, plaintiff's complaint fails to state a claim for relief under the FOIA.

Likewise, plaintiff's complaint fails to state a claim for relief under the federal Privacy Act. The Privacy Act applies only to federal agencies, and not to individuals or local or state agencies. As the Butler County Jail and the individual defendants are not federal agencies, his Privacy Act claim should be dismissed. *Schmitt v. City of Detroit*, 395 F.3d 327, 331 (6th Cir. 2005). See also *Wiles v. Ascom Transp. Sys., Inc.*, 478 F. App'x 283, 295 (6th Cir. 2012).

3

In addition, plaintiff's complaint against the Butler County Jail is subject to dismissal because the jail is not a "person" or legal entity that can be sued under 42 U.S.C. § 1983. *See Marbry v. Corr. Med. Servs.,* No. 99–6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (citing *Rhodes v. McDannel,* 945 F.2d 117, 120 (6th Cir. 1991) (per curiam)); *Howell v. Hamilton Cty. Justice, Ctr.*, No. 1:15-CV-303, 2015 WL 2406082, at *3 (S.D. Ohio May 20, 2015) (Report and Recommendation) (finding county jail is not a "person" that can be sued under § 1983), *adopted*, 2015 WL 3852912 (S.D. Ohio June 22, 2015). Therefore, the complaint against the Butler County Jail should be dismissed.

Finally, plaintiff has failed to allege any facts showing how Sheriff Jones or William Barr participated in any alleged violation of his federal statutory rights. Plaintiff's complaint provides no factual content or context from which the Court may reasonably infer that these defendants violated plaintiff's rights. *Iqbal*, 556 U.S. at 678. With the exception of listing the named defendants in the caption of the complaint, plaintiff has failed to allege the specific actions Sheriff Jones or William Barr allegedly took to violate his rights. Therefore, the complaint against these defendants should be dismissed.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277

4

(6th Cir. 1997).

Date: 11/8/19

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DONALD NEEDHAM,
    Plaintiff,

vs.

BUTLER COUNTY JAIL, et al.,
    Defendants.

Case No. 1:19-cv-927

Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).