UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Donald Needham, | ) |
| | ) |
| Plaintiff, | ) Case No.: 1:19-cv-927 |
| | ) |
| vs. | ) Judge Michael R. Barrett |
| | ) |
| Butler County Jail, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# ORDER

This matter is before the Court on the Magistrate Judge's November 8, 2019 Report and Recommendation ("R&R"). (Doc. 4). The R&R recommends dismissing plaintiff's complaint against all defendants.[1]

The parties were given proper notice under Fed. R. Civ. P. 72(b), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Plaintiff filed a motion for an extension of time to file his objections, which the Court granted. (Docs. 5, 6). Plaintiff thereafter filed objections by the extended deadline. (Doc. 7).

---

[1] The undersigned takes judicial notice that plaintiff has filed four other civil actions here in the Southern District that appear somewhat related: *Needham v. Butler Co. Jail*, Case No. 1-19-cv-294-MRB-SKB (pending); *Needham v. Jones*, Case No. 1:19-cv-368-MRB-KLL (dismissed June 28, 2019 as duplicative of Case No. 1:19-cv-294-MRB-SKB); (3) *Needham v. Summit Behavioral Health*, Case No. 1:19-cv-861-MRB-SKB (initially dismissed December 2, 2019 for failure to state a claim upon which relief can be granted (adopting the Magistrate Judge's November 8, 2019 Report and Recommendation); reopened June 15, 2020 (vacating December 2, 2019 order to allow plaintiff additional time to file objections)); and *Needham v. TriHealth Bethesda North*, Case No. 1:19-cv-902-SJD-SKB (dismissed January 2, 2020 for failure to state a claim upon which relief can be granted).

1

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

The complaint alleges claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the federal Privacy Act, 5 U.S.C. § 552a against the Butler County Jail, Sheriff Richard K. Jones, and United States Attorney General William Barr. In accord with local practice, the Magistrate Judge reviewed plaintiff's complaint to determine whether it (or any portion of it) should be dismissed because it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). The Magistrate Judge concluded that plaintiff's complaint should be dismissed in its entirety because: the FOIA applies only to federal agencies, and not to state or local governmental agencies; the Privacy Act applies only to federal agencies, and not to individuals or state or local governmental agencies; the Butler County Jail cannot be sued because the jail is not a "person" under 42 U.S.C. § 1983; and no facts were alleged as to how Sheriff Jones or Attorney General Barr participated in any alleged violation of federal statutory rights. (Doc. 4 at PageID 22–23).

Plaintiff objects, asserting without evidentiary, statutory or caselaw support, that the Butler County Jail is a federal agency because it "is subject to inspection and regulations set by the federal Government" and because it houses ICE (that is, U.S.

2

Immigration and Customs Enforcement) detainees and other federal inmates. (Doc. 7 at PageID 29). Plaintiff also states that the Records Officer at the Butler County Jail, whom he identifies as Sherry Buchheim, told him to file a FOIA/PA request, and it would be "completely unjust" for a records officer to tell him to file such a request "but however not be held accountable under the same law." (*Id.*). Plaintiff further takes issue with Ms. Buchheim's alleged statement to him in which she denies that he ever made a records request in the first place. To this end he attaches a sworn statement from Paula Needham, presumably a relative, verifying that she mailed a records request on plaintiff's behalf and that she allowed plaintiff to use her phone to follow-up with the Butler County Jail (*id.* at PageID 34) and a letter from Nicole Quinn, LSW, who identifies as plaintiff's therapist and recounts her understanding of plaintiff's attempts to obtain "his medical records and his discovery packet" (*id.* at PageID 35). Finally, plaintiff contends that Sheriff Jones "failed to properly train his staff to ensure that injury did not happen from his departments." (*Id.* at PageID 31).

As noted by the Magistrate Judge, it is well-settled that the FOIA applies only to *federal* and not to state or local agencies. (Doc. 4 at PageID 22 (citing *Rimmer v. Holder*, 700 F.3d 246, 258 (6th Cir. 2012)).[2] *See Wood v. Donnellon*, 2017 WL 4841903, at *2 (E.D. Mich. Oct. 26, 2017) (prisoner seeking medical records from

---

[2] "5 U.S.C. § 552 [FOIA] is part of the Administrative Procedures Act and provides that '[e]ach agency shall make available to the public information . . .' and it sets forth the policies and procedures governing the release of information. This statute, however, is 'concerned only with shedding light on misconduct of the **federal** government, not **state** governments. As numerous sister circuits have notes, 'it is beyond question that [the federal] FOIA [statute] applies only to federal and not to state agencies.'" *McKissick-Johnson v. Detroit Police Dep't*, No. 13-13309, 2013 WL 5177975, at *3 (E.D. Mich. Sept. 12, 2013) (quoting *Rimmer*, 700 F.3d at 258–59) (emphasis original in *Rimmer*)); *see Harrison v. Woolridge*, 2019 WL 2453665, at *2 n.1 (W.D. Ky. June 12, 2019); *Gueye v. Richards*, No. 15-178-DLB, 2015 WL 6395009, at *7 (E.D. Ky. Oct. 21, 2015)

3

county jail not entitled to them under FOIA, which applies only to federal and not state agencies (which would include the county jail)).  The same is true regarding the federal Privacy Act.  (Doc. 4 at PageID 22 (citing *Schmitt v. City of Detroit*, 395 F.3d 327, 331 (6th Cir. 2005)).  *See Thomas v. Ohio*, 2012 WL 12887939, at * 2 (S.D. Ohio Apr. 27, 2012) ("An agency, however, is the only proper defendant under the Privacy Act.  *See* 5 U.S.C. § 552a(g).  **The civil remedy provisions of the statute do not apply against** private individuals, **state agencies**, private entities, **or state and local officials**.") (emphasis added)).  That local agencies may be subject to federal regulation, or may receive federal funds, does not transform them into *federal* agencies.  *See Gueye v. Bishop*, No. 1:14-cv-353, 2015 WL 5996387, at *5 (S.D. Ohio Oct. 15, 2015) (plaintiff not entitled to state court trial transcripts through FOIA, despite contention that Ohio counties receive federal funding).  Further, that a jail employee purportedly told plaintiff to file a "FOIA/PA" request for the records he seeks does not transform the Butler County Jail into a federal agency on "fraud," "estoppel," or "emotional distress" grounds.  The statutes themselves, and the caselaw interpreting them, are quite clear.  Thus, a "failure to train" allegation against Sheriff Jones is misplaced.

     Based on the foregoing and upon a de novo review, the Court **OVERRULES** plaintiff's objections and the Magistrate Judge's November 8, 2019 R&R is **ADOPTED** in its entirety.  Accordingly, plaintiff's complaint (Doc. 3) is **DISMISSED WITH PREJUDICE**.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in good faith and thus denies plaintiff leave to appeal *in forma pauperis*.  Plaintiff remains free to apply to proceed *in forma pauperis* in the Court

of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court
